UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES GEARY KING, | |
| Petitioner, | NO. CV-05-417-FVS |
| vs. | ORDER DENYING MOTIONS AND DISMISSING PETITION |
| MAGGIE MILLER-STOUT, | |
| Respondent. | |

BEFORE THE COURT is Mr. King's "Motion for Reconsideration of It's Order Denying Leave to Proceed *In Forma Pauperis*" and "Motion to Consolidate Matters" (Ct. Rec. 6).  Petitioner did not note his motions for hearing as required by LR 7.1(h), Local Rules for the Eastern District of Washington.  **PETITIONER IS CAUTIONED THAT ANY FURTHER MOTIONS SUBMITTED TO THE COURT WITHOUT NOTING THEM FOR HEARING IN COMPLIANCE WITH THE LOCAL RULES WILL NOT BE ADDRESSED BY THE COURT.**

Because Petitioner has paid the filing fee for this action, his Motion for Reconsideration is **DENIED as moot.**  To the extent Petitioner is asking this court to consolidate a habeas action challenging the fact or duration of his confinement with a civil rights action challenging the conditions of his confinement, his request is **DENIED.**  *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)("a state prisoner challenging his underlying conviction and

ORDER DENYING MOTIONS AND DISMISSING PETITION -- 1

sentence on federal constitutional grounds in a federal court is limited to habeas corpus ... he cannot bring a § 1983 action, even though the literal terms of § 1983 might seem to cover such a challenge"); *see also Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991)(claims concerning the conditions of confinement are not cognizable on habeas review). Petitioner must proceed separately as to habeas and civil rights claims. Accordingly, **IT IS ORDERED** the Motions (Ct. Rec. 6) are **DENIED.**

Also before the court is Petitioner's "Show Cause Petition" (Ct. Rec. 14), which the court construes as his response to the Order to Show Cause. By Order filed April 19, 2006, the court directed Mr. King to Show Cause why his petition should not be dismissed. After review of Petitioner's submission, the court finds he has failed to do so.

Petitioner asserts he has a liberty interest pursuant to RCW 9.95.070. A review of that statute, however, shows it applies to prisoners convicted of crimes committed before July 1, 1984. *See* RCW 9.95.070(1). It also applies to sex offenses committed after September 1, 2001. *See* RCW 9.95.070(2). Petitioner's crimes, First Degree Robbery and Unlawful Possession of a Controlled Substance, occurred on or about August 2, 1995. Therefore, it is clear RCW 9.95.070 does not apply to Mr. King.

Petitioner again argues that because the requirement of a residence pre-approval was not set forth in his judgment and sentence, the Department of Corrections cannot require him to provide a pre-approved residential address. Contrary to Petitioner's assertions,

ORDER DENYING MOTIONS AND DISMISSING PETITION -- 2

1 | this has been a mandatory condition of community placement since 1992.
2 | *See* RCW 9.94A.120(8)(b)(vi) (1992); RCW 9.94A.120(9)(b)(vi)(1995); RCW
3 | 9.94A.120(9)(b)(v)(1997); RCW 9.94A.700(4)(2003).  He makes no
4 | argument the trial court waived this condition.  Petitioner has
5 | presented no facts from which the court could infer he is entitled to
6 | federal habeas relief.  Accordingly, for the reasons set forth above
7 | and in the Order to Show Cause, **IT IS ORDERED** the petition is
8 | **DISMISSED with prejudice** pursuant to Rule 4, Rules Governing Section
9 | 2254 Cases in the United States District Courts.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order, enter judgment, forward a copy to Petitioner and close the file.

**DATED** this ___2nd___ day of June, 2006.


                    s/ Fred Van Sickle
                     FRED VAN SICKLE
                UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTIONS AND DISMISSING PETITION -- 3